**John Earl McKINNY, Appellant,**

v.

**Edd BAILEY, Appellee.**

Court of Appeals of Kentucky.

Sept. 26, 1958.

W. Earl Dean, Harrodsburg, Major W. McBrayer, Lawrenceburg, for appellant.

O. J. Bowen, Lawrenceburg, Errol W. Draffen, Harrodsburg, Walter Patrick, Lawrenceburg, for appellee.

CULLEN, Commissioner.

The automobiles of John McKinny and Edd Bailey, traveling in opposite directions on a highway in the country, met in substantially a head-on collision. Bailey sued McKinny for damages, and the latter counterclaimed. Upon a trial, the jury returned a verdict finding that neither party should recover. Bailey moved for a new trial, and this motion was sustained on the ground that the instructions upon the first trial were erroneous in two respects. Upon the second trial a verdict was returned in favor of Bailey for $6,835. McKinny moved to substitute the first verdict for the second, and for judgment on the first verdict. This motion was overruled, and judgment was entered for Bailey on the second verdict. McKinny has appealed, asserting as his primary contention that the court erred in granting the new trial and that he was entitled to judgment upon the verdict at the first trial.

The court gave nine instructions on the first trial. The first instruction stated five specific duties of *both* the plaintiff and the defendant in the operation of their vehicles, one of these duties being "to operate their said vehicles at a reasonable rate of speed." The second instruction authorized recovery for Bailey if the jury believed McKinny failed to perform any of the stated duties and the accident was a proximate result of such failure. The third related to the amount of recovery for loss of earning power. The fourth authorized recovery for McKinny if the jury believed Bailey failed to perform any of the stated duties and the accident was a proximate result of such failure. The fifth was a "dogfall" instruction. The sixth was a sudden emergency instruction covering McKinny's theory that Bailey approached him on the wrong side of the road, compelling him to swerve to his left in an effort to avoid a collision. The seventh, eighth and ninth instructions defined negligence and ordinary care and authorized a verdict by nine jurors.

The verdict was: "We the jury find under Instruction No. 5."

The court granted a new trial on the grounds that Instruction No. 1 was erroneous in imposing a duty upon the plaintiff, Bailey, as to speed, and that Instruction No. 6, on sudden emergency, was erroneous in its form.

In their evidence, each party accused the other of being on the wrong side of the road. In fact, this was the only charge of

negligence made by either party. There was no evidence at all as to excessive speed on the part of Bailey, and the only evidence that could be considered as suggesting excessive speed on the part of McKinny was some testimony as to the distance his vehicle traveled after the collision, which testimony did no more than raise some slight inference as to speed.

Under the evidence, there was no occasion to instruct on speed, and the instruction given technically was erroneous. However, we are unable to believe that it could have had a prejudicial effect. There being absolutely no evidence concerning excessive speed by Bailey, the jury could not possibly have concluded that a violation of duty by Bailey as to speed played any part in the accident. The instruction did not give any emphasis to speed, but merely mentioned speed in a list of standard duties of both drivers. The verdict reached by the jury was a normal one under the evidence, since it was reasonable to conclude that each driver was partly on the wrong side of the road, and there is nothing about the verdict to suggest the operation of any prejudicial influence.

We think the situation here is comparable to that in E. L. Martin & Co. v. Hurt's Adm'r, 250 Ky. 235, 62 S.W.2d 465, in which this Court held that although it was error to instruct on speed when there was no evidence of excessive speed, the erroneous instruction under the circumstances did not create material prejudice such as to warrant a new trial.

As concerns the error believed by the trial judge to have been committed in the sudden emergency instruction, we think it is apparent, by the nature and form of the verdict, that the jury did not attach any significance to this instruction.

It is our opinion that the court erred in granting a new trial.

The judgment is reversed with directions to enter judgment upon the verdict returned at the first trial.